UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE FERRELL,

      Petitioner,

                                                        Case Number 09-11103-BC

v.                                                   Honorable Thomas L. Ludington

PATRICIA CARUSO,

      Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner, Maurice Ferrell, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted by a jury in the Wayne County Circuit Court of first-degree felony murder, Mich. Comp. Laws § 750.316; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; and possession of a firearm in the commission of a felony ("felony-firearm"), Mich. Comp. Laws § 750.227b. Petitioner was sentenced to life imprisonment without parole on the first-degree murder conviction, five to ten years on the assault with intent to rob while armed conviction, and two years in prison on the felony-firearm conviction. Petitioner alleges that he was deprived of the effective assistance of trial and appellate counsel. Respondent has filed an answer to the

---

[1] Petitioner subsequently filed a petition for writ of habeas corpus which challenged this same conviction and which was assigned to Judge Avern Cohn. On April 2, 2009, Judge Cohn dismissed the petition as duplicative and directed that the pleadings that were filed in that case be re-filed in this case. *See Ferrell v. Caruso,* Case Number 09-11122. The pleadings filed in that case have been filed under ECF No. 3 of this Court's docket. Although the petition filed before Judge Cohn was essentially identical to the petition filed in this case, the petition that was filed in Case Number 09-11122 has additional documents and exhibits that were attached to it that were not included with the original petition that was filed in this case. Accordingly, the Court has reviewed these documents and exhibits in adjudicating Petitioner's claims and will consider them included as part of the petition for writ of habeas corpus that Petitioner originally filed in this case.

petition, asserting that the claims are procedurally defaulted and lack merit. The Court agrees that Petitioner's claims are procedurally defaulted, therefore the petition will be denied.

I.

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with co-defendant Christopher Eddings. Petitioner's convictions were affirmed on appeal. *People v. Ferrell,* No. 249419 (Mich. Ct. App. Nov. 16, 2004); *lv. den.* 472 Mich. 941; 698 N.W.2d 394 (2005).

The petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et. seq.,* which the trial court denied. *People v. Ferrell,* No. 02-2131-01 (Wayne County Circ. Ct., July 17, 2007). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Ferrell,* No. 284614 (Mich. Ct. App. July 25, 2008); *lv. den.* 483 Mich. 881; 759 N.W.2d 378 (2009).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The representation of trial counsel fell below an objective standard of reasonableness and substantially prejudiced Petitioner by depriving him of his rights under the Sixth and Fourteenth Amendments to the Constitution to the effective assistance of counsel, due process, and a fair trial.
   a. Trial counsel failed to adequately research, apply and argue the law as it pertains to severance.
   b. Trial counsel failed to move for mistrial where coerced involuntary statements and prejudiced testimony incriminating Defendant has been used as evidence against him during trial.
   c. Trial counsel failed to request a new trial.

II. Defendant was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

III. Defendant has established entitlement to relief pursuant to Michigan Court Rule

6.508 (D)(3)(a) and (D)(3)(b)(i).[2]

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed by the Court as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

II.

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Michigan Court Rule 6.508(D)(3).

In cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at the trial court level to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application

---

[2] This third "claim" is not a substantive claim for relief but rather is an argument advanced by the petitioner as to why any procedural default of his other claims should be excused.

of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent."*Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001). In addition, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[ ] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson*, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust*, 17 F.3d at 161.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely

chance of acquittal." Mich. Ct. R. 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).  If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  These orders, however, did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims.  Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

In the present case, the Wayne County Circuit Court judge, in rejecting Petitioner's motion for relief from judgment, noted that in order to advance a claim in a motion for relief from judgment that could have been raised in a prior appeal or motion, Petitioner was required to "demonstrate 'good cause' for failure to raise the grounds on appeal and actual prejudice resulting from the

alleged irregularities that support the claim of relief, pursuant to MCR 6.508(D)(3(b)." *People v. Ferrell*, No. 02-2131-01, *1 (Wayne County Circuit Court, July 17, 2007). The trial judge reiterated that a court could not grant a defendant relief on a claim that could have been raised on his direct appeal or in a prior motion, unless the defendant could establish good cause for failing to previously raise the claim and actual prejudice, as required by Michigan Court Rule 6.508(D)(3). *Id.* at *2. Although the judge indicated that ineffective assistance of counsel could satisfy the "good cause" requirement of Michigan Court Rule 6.508(D)(3)(a), the trial court judge concluded that Petitioner had failed to establish that trial counsel was ineffective. *Id.* The trial judge further concluded that because Petitioner's ineffective assistance of trial counsel claims were meritless, appellate counsel was not ineffective in failing to raise these claims on Petitioner's direct appeal, therefore, Petitioner's ineffective assistance of appellate counsel claim was likewise without merit. *Id.* at * 2-3. The trial judge concluded that:

> "[Petitioner] does not provide any examples of ineffective assistance of appellate counsel that persuades this Court to waive the good cause requirement. Even though appellate counsel did not raise the above issue, defendant has not shown evidence of prejudice. Indeed, [Petitioner] was afforded a fair trial and full appeal. Pursuant to *Strickland, supra,* [Petitioner] has not demonstrated prejudice from appellate counsel's actions to show that, but for counsel's conduct, the outcome of [Petitioner's] appeal would have been different. Thus, this Court finds that [Petitioner's] claim does not meet the stringent standards of MCR 6.508."

> *Id.* at *3.

The trial judge's opinion, read in its entirety, shows that the trial judge relied on the cause and prejudice requirements of Michigan Court Rule 6.508(D)(3) to deny Petitioner post-conviction relief, particularly where the trial judge indicated that Petitioner had failed to provide examples of ineffective assistance of appellate counsel that would persuade the judge "to waive the good cause

requirement." Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Michigan Court Rule 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted pursuant to Michigan Court Rule 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial court may have also discussed the merits of Petitioner's claims in addition to invoking the provisions of Michigan Court Rule 6.508(D)(3) to reject Petitioner's claims does not alter this analysis. *See Alvarez,* 64 F. Supp. 2d at 695. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's claims are procedurally defaulted. [3]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."
>
> *Id.* at 754.

---

[3] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291; *Hicks v. Straub*, 377 F.3d 538, 558, n.17 (6th Cir. 2004). However, for the reasons stated below, Petitioner is not entitled to habeas relief on this claim.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a *Strickland* (*v. Washington*, 466 U.S. 588 (1984)) claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the ineffective assistance of trial counsel claims that Petitioner raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a thirteen page appeal brief which raised claims that there was insufficient evidence to convict Petitioner and that the prosecutor had improperly used her

peremptory challenges to remove younger jurors from sitting on the jury. *See* ECF No. 3 Ex. 1. Petitioner has not shown that appellate counsel's strategy in presenting these two claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the ineffective assistance of trial claims that were raised by the petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by Petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.' " *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010); *cert. den.* 131 S. Ct. 1013 (2011) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Because Petitioner has not demonstrated any cause for the procedural default of the ineffective assistance of trial claims that he raised for the first time before the state courts on post-conviction review, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F. 2d 286, 289 (6th Cir. 1983).

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider any of the claims that he raised in his post-conviction motion for relief from judgment as grounds for a writ of habeas corpus in spite of the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review

Petitioner's ineffective assistance of trial counsel claims on the merits. *See Wolfe v. Bock*, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both. *See Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007). There is not a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different and Petitioner's defaulted claims are not clearly stronger than those presented by appellate counsel on direct appeal and he thus cannot establish prejudice. For these reasons, Petitioner has failed to show that his post-conviction claims have any merit and is not entitled to habeas relief on his claims.

III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if Petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Additionally, because a plain procedural bar is present, no further appeal would be warranted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF Nos. 1, 3) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

                                                  s/Thomas L. Ludington  
                                                  THOMAS L. LUDINGTON  
                                                  United States District Judge

Dated: December 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Maurice Ferrell, #413732, at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 first class U.S. mail on December 13, 2011.

                                         s/Tracy A. Jacobs
                                         TRACY A. JACOBS